UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD R. HARDY,<br><br>      Plaintiff,<br><br>-v-<br><br>CROWN EQUIPMENT CORPORATION, *et al.*,<br><br>      Defendants. | No. 21-CV-10310 (KMK)<br><br>ORDER GRANTING BANKRUPTCY STAY |
| ABEL WOMACK, INC.,<br><br>      Cross Claimant,<br><br>-v-<br><br>CROWN EQUIPMENT CORPORATION,<br><br>      Cross Defendant. | |
| CROWN EQUIPMENT CORPORATION,<br><br>      Cross Claimant,<br><br>-v-<br><br>ABEL WOMACK, INC. and AMSCAN INC.,<br><br>      Cross Defendants. | |
| AMSCAN INC.,<br><br>      Cross Claimant,<br><br>-v-<br><br>ABEL WOMACK, INC.,<br><br>      Cross Defendant. | |

KENNETH M. KARAS, United States District Judge:

On February 10, 2025, Defendant, Cross Claimant, and Cross Defendant Womack ("Womack") filed a letter motion requesting an extension of an automatic stay pursuant to 11 U.S.C. § 362(a) of the Bankruptcy Code. (*See* Dkt. No. 148; *see also* Dkt. No. 154.) Plaintiff Edward Hardy ("Plaintiff") opposes the request. (*See* Dkt. Nos. 151, 153.) For the reasons set forth below, the Court grants the Motion.

## I. Background

On January 20, 2023, Womack notified the Court that Amscan, Inc. ("Amscan"), a former Defendant in this Action, was named as a debtor in a voluntary bankruptcy petition filed in United States Bankruptcy Court, Southern District of Texas. (*See* Dkt. No. 82 at 1.) The court in those proceedings issued an Order granting an automatic stay pursuant to 11 U.S.C. § 362(a) of the Bankruptcy Code. (*Id.*) Because Amscan had agreed to "defend and indemnify" Womack in the instant Action, and because Amscan maintained a self-insured retention ("SIR") in this matter in the amount of $250,000, Womack requested that this Court extend the bankruptcy stay to this Action. (*Id.* at 1–2.)

Although Defendant Crown Equipment Corporation opposed, (*see* Dkt. No. 85), Plaintiff concurred with Womack that an extension of the Stay was warranted, (*see* Dkt. No. 86). After finding that judicial efficiency and the interests of the Parties would be best served by staying this Action during the pendency of the bankruptcy proceedings, the Court stayed the instant Action, requesting monthly updates from the Parties. (*See* Dkt. No. 96.) On December 22, 2023, Womack informed the Court that the bankruptcy proceedings had completed and the bankruptcy stay had been lifted. (*See* Dkt. No. 102.)

On February 10, 2025, Womack filed the instant Letter Motion notifying the Court that Amscan had again been named as a debtor in a voluntary bankruptcy petition filed in United States Bankruptcy Court, Southern District of Texas, and that the court in those proceedings had again issued an automatic stay pursuant to § 362(a). (*See* Dkt. No. 148 at 1.) Accordingly, Womack requested that this Action be temporarily stayed on the same grounds as the prior stay. (*See id.*; Dkt. No. 154.) Plaintiff opposed on February 18, 2025, and, per the request of the Court, filed an additional opposition on February 28, 2025. (*See* Dkt. Nos. 151–53.)

## II. Discussion

Section 362(a)(1) of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay" of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. § 362(a)(1). Although § 362(a) typically applies only to actions against debtors, debtor's property, or estate property, the Second Circuit has held that "the automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also In re Residential Cap., LLC*, 529 F. App'x 69, 70–71 (2d Cir. 2013) (summary order) (same); *Ng v. Adler*, 518 B.R. 228, 246 (E.D.N.Y. 2014) (same).

Examples of immediate adverse impacts include: (1) "a claim to establish an obligation of which the debtor is a guarantor"; (2) "a claim against the debtor's insurer"; and (3) "actions where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant.'" *Queenie*, 321 F.3d at 288–89. The latter category applies to situations where "a judgment against the third party defendant will in effect be a judgment or finding against the debtor," including "a suit against a third party who is entitled to

3

absolute indemnity by the debtor on account of any judgment that might result against them in the case." *In re Lomas Fin. Corp.*, 117 B.R. 64, 68 (S.D.N.Y. 1990).

Here, as before, the Court finds that a temporary stay is warranted. As Womack notes, should a judgment be issued against Plaintiff, Amscan would be required to indemnify Womack and, per the terms of the SIR, "would be required to remit payment up to $250,000 from its own coffers." (Dkt. No. 148 at 1–2.) Indeed, after the first stay was requested, Plaintiff conceded that a judgment against Womack may have an immediate and adverse impact on Amscan. (*See* Dkt. No. 86.) Accordingly, the Court concludes that a judgment against Womack would have an immediate and adverse economic impact against Amscan such that a stay is warranted.

Plaintiff's arguments to the contrary are unavailing. First, Plaintiff tries to minimize the potential adverse consequences to Amscan, arguing that a non-debtor may only receive a stay if it is entitled to *absolute* indemnification, as opposed to conditional or uncertain indemnification. (Dkt. No. 153 at 2–3 (citing *Acker v. Wilger*, No. 12-CV-3620, 2012 U.S. Dist. LEXIS 161628, at *4–5 (S.D.N.Y. Oct. 25, 2012), and *N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 564 B.R. 192, 195 (S.D.N.Y. 2016)).) However, Womack asserts here that the indemnification is required per contract and per the SIR agreement and is thus not conditional. (Dkt. No. 148 at 1–2.) Notably, Plaintiff did not raise the same objection to the stay the last time it was requested, nor did Plaintiff argue, at that point, that the SIR was only conditional. (*See* Dkt. No. 86.) Absent any evidence suggesting that Amscan's indemnification obligation is conditional, the Court declines to find it so here.

Second, Plaintiff claims that Womack "has failed to demonstrate any impact upon Amscan's re-organization effort," as required to extend a stay to a non-debtor. (Dkt. No. 153 at 3–4.) However, this is merely a different way of framing whether or not a judgment would have

an "immediate adverse economic consequence" on the debtor. *See, e.g.*, *Plaintiff Funding Holding, LLC v. Blue Ocean Partners LLC*, No. 22-CV-4094, 2023 WL 3506142, at *1 (S.D.N.Y. Apr. 18, 2023) (stating "[t]he question is whether the action against the non-debtor is sufficiently likely to have a material effect upon reorganization effort[s]" and citing the "immediate adverse economic consequence" language from *Queenie* as support for that proposition (internal quotation marks omitted)). Again, this factor is satisfied by the fact of the impending SIR payment if judgment is rendered against Womack.

Third, Plaintiff asserts that extending the automatic stay would "work a hardship on plaintiff, by giving an unwarranted immunity from suit to a solvent defendant," (Dkt. No. 153 at 4), and that further delay would "severely prejudice[]" Plaintiff, given the stage of the case and the decreasing availability of witnesses, (*see* Dkt. No. 151 at 1). Although the Court is sympathetic to Plaintiff's position, this does not alter the Court's findings that Amscan would be immediately and adversely impacted were a judgment rendered against Womack. *Queenie Ltd.*, 321 F.3d at 287; *M&T Cap. & Leasing Corp. v. Athens Inc.*, No 22-CV-1353, 2023 WL 2727523, at *3 (D. Conn. Mar. 31, 2023) (extending an automatic stay where a judgment against the non-debtor "would operate[] as a judgment or finding against its guarantor" and thus, have "an immediate adverse economic consequence for the debtor's estate" (internal quotation marks and citations omitted)).

Moreover, even if "the automatic stay [did] not apply, a court may still invoke its discretionary authority to stay the proceedings against [non-bankrupt co-defendants], but [t]he proponent of the stay bears the burden of demonstrating that such a stay is justified." *MBE Cap. Partners LLC v. AVPOL Int'l LLC*, No. 17-CV-5992, 2019 WL 568587, at *3 (S.D.N.Y. Feb. 11, 2019) (internal quotation marks omitted).

> Courts generally consider five factors in determining whether to stay a proceeding, including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Fagan v. Repub. of Austria*, No. 08-CV-6715, 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009).

Here, even considering Plaintiff's strong interest in moving the case along, the Court concludes, as it did before, that it is in the best interest of judicial economy to allow the bankruptcy proceeding to unfold before resolving the pending motions for summary judgment in this Action. Moreover, "a temporary stay is warranted in order to protect the debtors and to not run afoul of bedrock principles of bankruptcy law." *Plaintiff Funding Holding, LLC*, 2023 WL 3506142, at *3.

### III. Conclusion

Accordingly, the Court finds that this Action should be stayed during the pendency of the bankruptcy proceedings. The Parties are directed to update the Court as to the status of the bankruptcy proceedings withing thirty days of this Order, and every thirty days thereafter.

The Clerk of the Court is respectfully directed to terminate the pending motion. (Dkt. No. 154.)

SO ORDERED.

DATED:   March 18, 2025
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE